UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 98-4112
(CR-96-188)

United States of America,

Plaintiff - Appellee,

versus

Joey Eugene Bess,

Defendant - Appellant.

O R D E R

The court amends its opinion filed January 12, 1999, as follows:

On page 3, footnote *, line 2 -- the citation to <u>Singleton</u> is corrected to read "(10th Cir. 19<u>98</u>)."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4112

JOEY EUGENE BESS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-96-188)

Submitted: November 17, 1998

Decided: January 12, 1999

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Arthur T. Ciccarello, CICCARELLO, DEL GIUDICE & LAFON,
Charleston, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, Stephen W. Haynie, Assistant United States Attor-
ney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joey Eugene Bess appeals from his conviction for conspiring to distribute and possess methamphetamine with the intent to distribute, possession of methamphetamine and marijuana with the intent to distribute, use and carry of a firearm during and in relation to a drug trafficking crime, and aiding and abetting in violation of 18 U.S.C. § 2 (1994); 18 U.S.C.A. § 924(c)(1) (West 1994 & Supp. 1998); 21 U.S.C. §§ 841(a)(1), 846 (1994). Bess raises only one issue on appeal --that the search which resulted in the discovery and seizure of the drugs with which he was charged was based upon an improper and illegal search warrant. We disagree, and affirm his conviction.

According to the record presented on appeal the Nitro Police Department received an anonymous phone call from a woman who stated that a Joyce Witt, residing at 712 Washington Avenue, had just received a large quantity of methamphetamine from Florida. This informant also stated that another woman, named Kellie, was going to take some of this methamphetamine to sell in another city. In response to this tip, officers drove past Witt's residence and observed a vehicle with Florida plates.

A short time later, they observed a woman leaving the residence in a truck. The police stopped the truck, and learned that the driver's name was Kellie Mitchell. They also discovered that she had a 40 caliber semi-automatic pistol, marijuana, and approximately two ounces of methamphetamine packaged in several individual bags. Based on this information, police obtained a warrant to search Witt's home. This search revealed large quantities of methamphetamine and marijuana, and smaller amounts of cocaine. Two firearms and some of the aforementioned narcotics were found in plain view on a table by which Bess was seated.

Assuming arguendo that Bess has standing to contest the search, because he did not object to the sufficiency of the warrant at trial, this Court reviews for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Search warrants must be supported by probable cause to satisfy the dictates of the Fourth Amendment. See United

2

States v. Harris, 403 U.S. 573, 577 (1971). Probable cause is determined by examining the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 238 (1983). In determining whether an anonymous tip can form the basis of probable cause, the degree to which the tip is corroborated by the police is an important consideration in the totality of the circumstances test. See United States v. Wilhelm, 80 F.3d 116, 119 (4th Cir. 1996).

In this case, police investigation corroborated the facts that Witt had a visitor from Florida, and that a woman named Kellie would take methamphetamine from the house for sale in another city. While the former of these two facts is nothing more than corroboration of an innocent detail, the latter is not. Rather, it is direct confirmation of illegal activity. Thus, notwithstanding Bess' arguments to the contrary, we conclude that the warrant, based upon this corroborated tip, was supported by probable cause. Accordingly, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED*

_____

*We decline to adopt as the rule in this circuit the decision in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) (vacated by the en banc court July 10, 1998, which en banc court has not issued its decision).

3